### In re BRONSON.
### No. 2336.

Court of Customs and Patent Appeals.
May 28, 1930.

Kwis, Hudson & Kent, of Cleveland, Ohio, and Watts T. Estabrook, of Washington, D. C. (William E. Williams, of Cleveland, Ohio, of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

576

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office which affirmed the decision of the examiner, rejecting appellant's claims 1 to 4 and 10 to 13 for a method for forming an external washer upon a valve member. Claims 1, 4, and 13 are regarded as typical of all the claims rejected, and.are as follows:

"1. The process of forming a rubber washer upon a valve member which comprises molding raw rubber into the form of a washer on said member, and vulcanizing said washer while in place on the said member."

"4. The process of forming a rubber washer upon a valve member, which comprises applying a body of raw rubber to the valve member circumferentially thereof, molding said raw rubber into the form of a washer surrounding the valve member, and vulcanizing the washer so molded while in place on the valve member."

"13. The process of forming rubber washers upon valve members which comprises simultaneously moulding raw rubber into the form of washers on a plurality of said members maintaining a pressure on the individual washers and vulcanizing the same on the valve members while under pressure."

The claims were rejected upon Schweinert et al., 1,177,902, April 4, 1916.

The rejected claims are for a process of forming a rubber washer upon a valve member which is ordinarily part of an automobile tire valve. The process is described in the decision of the Board of Appeals as follows:

"In applicant's process he prepares a sheet of uncured rubber which is plastic like a sheet of flour dough. The sheet is perforated by being forced down over pointed pins projecting up from the top of a plate. This operation forms a thick ring of plastic rubber around the perforations in the sheet. The perforated sheet is then transferred to a bottom mold plate having valve barrel members inserted in perforations therein so that the top of the lower washer retaining collar on the barrel is flush with the upper surface of the collar. The raw or plastic rubber sheet is placed upon the lower mold plate and the openings are caused to slip over the projecting ends of the barrels of the valve inside members. The raw rubber then is in position so that the edge of the sheet is engaging with that portion of the barrel comprehended by the groove in the barrel within which groove the raw rubber is to be positioned and vulcanized. The upper mold plate of the mold having recesses in its bottom, shaped to conform to the outer finished form of the.washer, is then brought down upon the lower mold plate with the recesses fitted over the projecting ends of the barrels in the lower mold plate and the plates are pressed together and heated to subject the rubber to vulcanizing action. The rubber between the meeting faces of the mold plates is squeezed laterally to fill the space between the barrel insides of the valve members and the mold cavity in the upper mold plate. When the rubber has become vulcanized sufficiently the valve members are removed from the molds and the vulcanized washers adhere to the valve barrel members."

Concerning the Schweinert disclosure, the Board said:

"The patent to Schweinert et al. describes a process of making and applying washers to valve barrels which involves two stages of operation. First, making a plurality of partially vulcanized washers which possess sufficient resiliency to retract closely to the barrel when stretched over the retaining collar on the barrel. Second, inserting the barrels with the washers in place within mold recesses in a plate, pressing the assembled barrels and washers into the mold apertures and vulcanizing the rubber."

The Board and the examiner rejected the claims on the theory that they disclosed nothing not disclosed in the second stage of operation disclosed in Schweinert. Schweinert uses a partially vulcanized rubber to start with. After the rubber ring has been formed and put in place, it is then molded and vulcanized upon the valve member. The Board regarded it as immaterial, as far as patentability was concerned, whether the rubber was completely raw or partially vulcanized, since certain claims for appellant's invention were allowed and the claims which were rejected were only those which described the process shown in Schweinert's second process.

We agree with the conclusion reached by the Board of Appeals, and its decision is affirmed.

Affirmed.